Plaintiff-appellant, Mark A. Wells, appeals from the Monroe County Common Pleas Court's dismissal of his complaint against defendants-appellees, Ormet Corporation and William H. Dunlap. For the following reasons, the decision of the trial court is reversed and this cause is remanded.
 I. STATEMENT OF FACTS
Appellant was the general foreman at Hannibal Rolling Mill Division of Ormet Corporation where he worked for nineteen years. In February 1997, appellant was directed to schedule overtime shifts for February 15 and 16. Five employees reported off work on February 16, requiring that shift to be canceled. On February 18, appellant and Lee Smith, the Labor Relations Specialist, met with union officials regarding whether the employees' absences were a concerted effort to shut the plant down.
After the meeting, appellant and Mr. Smith concluded that each employee called off independently not collaboratively. However, Mr. Dunlap, the general manager of the plant, disagreed and suspended the five employees for five days subject to discharge. The union requested a formal hearing which took place on February 24. The employees spoke, and a union official asked appellant whether he believed that the absences were part of a concerted plan. Appellant responded in the negative after Lee Smith gave appellant permission to answer.
On February 27, 1997, at Mr. Dunlap's direction, appellant was discharged from employment. Two months later, appellant filed a complaint against appellees alleging wrongful discharge under the public policy exception to the employment-at-will doctrine. Appellees filed motions to dismiss appellant's complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12 (b) (6). Appellant filed a memorandum in opposition to dismissal. A hearing on the motions to dismiss was conducted on August 4, 1997 after which the trial court dismissed appellant's complaint. The court opined that there exists no "clear public policy," as required in a wrongful discharge action by an at-will employee, favoring the declaration of personal opinions by management which may contrast with the corporation's position. The court also stated that, even if there existed a clear public policy, Mr. Dunlap could not be sued for wrongful discharge as he was not appellant's employer. The within timely appeal followed.
 II. ASSIGNMENTS OF ERROR NO. ONE
Appellant sets forth two of assignments of error, the first of which alleges:
 "THE TRIAL COURT ERRED IN SUSTAINING THE DEFENDANT, ORMET'S MOTION TO DISMISS THE COMPLAINT."
A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667. In order for an at-will employee to bring a wrongful discharge suit, the complaint must allege the violation of a "clear public policy". Kulch v. Structural Fibers. Inc. (1997),78 Ohio St.3d 134, 150. A sufficiently clear public policy can be found in sources such as a statute, the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law. Painter v. Graley (1994), 70 Ohio St.3d 377,384.
As to what constitutes a sufficiently clear public policy, the Supreme Court of Ohio has held:
 "We have confidence that the courts of this state are capable of determining as a matter of law whether alleged grounds for a discharge, if true, violate a 'clear public policy' justifying an exception to the common-law employment-at-will doctrine, thereby stating a claim. In making such determinations, courts should be mindful of our admonition in Greely that an exception to the traditional doctrine of employment-at-will should be recognized only where the public policy alleged to have been violated is of equally serious import as the violation of a statute. Id., 49 Ohio St.3d at 234, 551 N.E.2d at 987." Painter, supra at 384.
In accordance, the issue before this court is whether there exists a sufficiently clear public policy against the corporate firing of a member of management for answering a question in a way that favors the laborers' position at a grievance hearing. Due to the fact that appellant was a nineteen-year veteran worker at the corporation and the fact that he was only answering the question in a manner that he believed was being directed by the corporation's labor relations specialist, we hold that, as limited to the facts alleged in the complaint, a sufficiently clear public policy was violated by appellant's discharge.
The public policy in the case sub judice consists of various established interests of society as a whole. These broad societal interests include a fair workplace, truthful grievance proceedings, job stability for long-term employees, and economic productivity. There is a clear public policy supporting the aforementioned interests, the violation of which is of similar import to the violation of a statute. The adoption of such a policy exception to employment-at-will adequately inures to the benefit of the general public.
Because appellees jeopardized this public policy by discharging appellant, this case is remanded for further proceedings. During these proceedings, it must be determined by the trier of fact whether the remaining elements of appellant's wrongful discharge claim exist. Kulch, supra at 151. These remaining elements are that appellant's dismissal was motivated by conduct related to the public policy and that appellees lacked an overriding legitimate business justification for appellant's dismissal. Id.
Appellant's first assignment of error is sustained.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN SUSTAINING THE DEFENDANT, WILLIAM H. DUNLAP'S MOTION TO DISMISS THE COMPLAINT."
The trial court incorrectly stated in its judgment entry, "The Plaintiff does not allege that Defendant Dunlap acted maliciously * * * Unless there is a specific allegation of malice or employment discrimination it would be contrary to public policy to hold individual supervisors responsible for the discharge of an employee, wrongful or otherwise." Appellant's complaint alleged malice on Mr. Dunlap's part in paragraph fifteen which reads, "The foregoing acts of the Defendants were intentional, malicious, willful, humiliating, and insulting to the Plaintiff, and showed a conscious disregard for the circumstances and rights of the Plaintiff." The acts which appellant alleges were engaged in by Mr. Dunlap include disagreeing with appellant's conclusion as to the employees' intent and thereafter deciding to fire appellant for reasons that violated public policy. Accordingly, appellant stated a claim against Mr. Dunlap. Appellant's second assignment of error is sustained.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE